■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL I., Appellant, v JESSE NIXON, JR., as Director of Capital District

Psychiatric Center, et al., Respondents. [697 NYS2d 702] —Mercure, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered April 9, 1998 in Albany County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner is a patient at Capital District Psychiatric Center (hereinafter CDPC), a facility operated by the State Office of Mental Health, on a voluntary admission pursuant to Mental Hygiene Law § 9.13 (a). Petitioner has been diagnosed with several mental illnesses and is also developmentally disabled. This petition for a writ of habeas corpus, brought on petitioner's behalf by the Mental Hygiene Legal Service (hereinafter MHLS), alleges in substance that petitioner's mental illness is in remission and he is not in need of inpatient care and treatment in a psychiatric hospital, that petitioner is being detained not because of any mental illness but because of his developmental disability, cognitive deficits and impulsive behavior which render him a potential danger to the community, that petitioner's detention in CDPC is actually detrimental to petitioner and will likely exacerbate his behavioral problems, and that a facility operated by the Office of Mental Retardation and Developmental Disabilities is best equipped to meet petitioner's needs and constitutes the least restrictive placement consistent with petitioner's subaverage intellectual functioning and his ongoing need for supervised residential placement. The petition seeks a determination that petitioner is not appropriate for further detention at CDPC and, pursuant to CPLR 7010 (c), that petitioner be remanded to the custody of the Office of Mental Retardation and Developmental Disabilities for placement in an appropriate facility.

We agree with Supreme Court's conclusion that, to the extent that the petition seeks petitioner's transfer from one secure facility to another, habeas corpus is not an appropriate remedy (*see*, *Hagan v Nixon*, 109 AD2d 380, 385). In our view, the provisions of CPLR 7010 (a) and (c) cannot be utilized affirmatively so as to transform a habeas corpus proceeding into a mechanism for compelling a patient's admission into a State facility.

As a final matter, although the allegations of the petition provide an arguable basis for ordering a hearing to determine the suitability of petitioner's continued hospitalization at CDPC on a voluntary or informal status pursuant to Mental Hygiene Law § 9.25 (a), petitioner has indicated that such relief is not sought.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.